047804/19700/JAF/JAP/JJK

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SYLVIA GONZALES, <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR TREE STORES, INC. d/b/a DOLLAR TREE, <br><br> Defendant. | Case Number 1:20-cv-07758 |

**SUPPORTING MEMORANDUM OF LAW IN FAVOR OF SUMMARY JUDGMENT**

NOW COMES the Defendant, DOLLAR TREE STORES, INC. d/b/a DOLLAR TREE, by and through their attorneys, CASSIDAY SCHADE LLP, and pursuant to Federal Rule of Civil Procedure 56 and NDIL-LR 56.1, hereby submits its Supporting Memorandum of Law in Favor of Summary Judgment:

**I.     INTRODUCTION**

Plaintiff's res ipsa claim fails at law because she alleges that Dollar Tree retained exclusive control of the instrumentalities involved in the occurrence. However the record clearly shows Dollar Tree did not retain any such exclusive control. The shelving unit at issue was in use at the store to display merchandise and was handled and interacted with by store customers, including Plaintiff.

The agency or instrumentality which causes the injury need not be in the control or management of the defendant at the time the injury occurs. It is sufficient if the instrumentality has been in the control of the defendant at a time prior to the injury and there is insufficient evidence of an intervening cause to explain the occurrence since the instrumentality left the defendant's control. *Cobb v. Marshall Field & Co.*, 22 Ill.App.2d 143, 152; (1st Dist.1959). The

mere fact that an accident has occurred will not give rise to the presumption. *Mort v. Walter*, 98 Ill. 2d 391 (1983). Rather, the presumption of res ipsa applies only when the occurrence "itself speaks" of negligence.

Here, Defendant's negligence is only one of many potential explanations as to the cause of the shelving unit falling over. As such Plaintiff's res ipsa loquitur claim must fail. Accordingly, the Court should enter an Order granting summary judgment in favor of Defendants and against Plaintiff regarding Count II – Res Ipsa Loquitur.

### A. Venue and Jurisdiction are Proper

This Court has subject matter jurisdiction based on diversity of citizenship as established in §28 U.S.C. 1332. The Northern District of Illinois is the litigation's proper venue because the events giving rise to this lawsuit occurred at 4840 W. 211 St. in Matteson, Illinois.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

Per Local Rule 56.1, Defendants file contemporaneously with and incorporate herein by reference their Statement of Material Facts Supporting Their Summary Judgment Motion.

## III. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "A mere scintilla of evidence" in support of the

non-movant's position is insufficient; a party will only be successful in opposing summary judgment "when it presents definite, competent evidence to rebut the motion." *Essex v. United Parcel Serv. Inc.,* 111 F.3d 1304, 1308 (7th Cir. 1997). An inference that relies on "speculation or conjecture" is insufficient. *Id*. In addition, this court "need not accept as true a plaintiff's characterization of the facts or a plaintiff's legal conclusion." *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No*. 258, 688 F. Supp. 2d 815, 835 (C.D. Ill. 2010)

IV.     ARGUMENT

    A.     **Res ipsa loquitur applies only when Plaintiff proves a single inference: that an occurrence would not have happened unless the named defendant had been negligent.**

Res ipsa loquitor is "an evidentiary rule which allows an inference of negligence to be drawn from a certain set of facts." *Newell v. Westinghouse Elec. Corp*., 36 F.3d 576, 578 (7th Cir. 1994). The doctrine of res ipsa loquitur is predicated on inference: that an occurrence infers negligence on the part of the specific defendant with exclusive control of the instrumentality that caused the occurrence. *Id.* at 579. Specifically, the res ipsa loquitur doctrine applies only when the facts proved by the plaintiff admit of the single inference that the accident would not have happened unless the defendant had been negligent. *Britton v. Univ. of Chi. Hosps*., 382 Ill. App. 3d 1009, 1012 (1st Dist. 2008). Res ipsa loquitur does not apply if it is equally logical to infer that some third party caused the occurrence and that such an act was the proximate cause of plaintiff's injury. *Id*.

An inference of negligence only exists if "plaintiff can show that he was injured (1) in circumstances that ordinarily would not occur absent negligence, (2) by an agency or instrumentality within the defendant's management or control[.]" *Smith v. United States*, 860 F.3d 995, 998 (7th Cir. 2017). Where exclusive control is not clear, there can be no such inference of negligence against a named Defendant. Factual issues, such as the presence of other

3

customers, the height of the shelving, whether the plaintiff touched the merchandise, etc., play a large role in determining the applicability of a res ipsa theory. *Assenato v. Target Corp.*, 2012 U.S. Dist. LEXIS 8014, 2012 WL 205858 *3 (N.D. Ill. Jan. 24, 2012). A plaintiff must demonstrate that a named Defendant was in exclusive control of the instrumentality to prevail on a res ipsa loquitor count.

   **B. Defendant, Dollar Tree, is entitled to Summary Judgment because it did not retain exclusive control of the shelving unit.**

  Dollar Tree did not maintain exclusive control of the shelving unit. The shelving unit was used to display merchandise and easily accessed and manipulated by customers shopping within the store. The shelving unit at issue could have fallen because of Plaintiff's own contributory negligence or the negligence of another customer in bumping into the shelving unit with his or her body or a shopping cart, which caused the shelving unit to become dislodged prior to Plaintiff's arrival. The existence of these reasonable alternate possibilities, neither of which involves any action or negligence by defendant, negates the possibility of recovery under the doctrine of res ipsa loquitur.

  This case is similar to *Britton v. Univ. of Chi. Hosps.*, 382 Ill. App. 3d 1009 (1st Dist. 2008). In that case the plaintiff, a hospital visitor, became stuck in a revolving door and when he pushed it the glass surrounding the door shattered and injured him. *Id.* at 1010. Plaintiff's attempt to recover under a theory of res ipsa loquitur was unsuccessful. The Court reasoned that the operation of a revolving door is not within the sole and exclusive control of the owner of the premises. *Id.* at 1011. The Court held that persons using the revolving door take a distinct part in its operation and are chargeable with the exercise of ordinary care in the use thereof. *Id*. The court further reasoned that because Plaintiff was using the door at the time of the incident, the hospital had no control over the door. *Id.*

Here, the instrumentality of the occurrence, a shelving unit accessible to any store customer with merchandise displayed for customers to view, touch, and take off the shelving unit, was not under the exclusive control of Dollar Tree. Customers such as Plaintiff have access to and use of the shelving unit to obtain merchandise. Injuries may occur in the event customers using the shelves fail to exercise due care, either on the part of the person injured or from the actions of other customers using the shelving unit. Under such conditions, Defendant Dollar Tree cannot be found liable. Like in the *Britton* matter, Plaintiff's injury resulted from the use of the shelf, and therefore the doctrine of res ipsa loquitur does not apply.

Plaintiff herself testified that she had already removed items from the shelving unit before it fell (Defendant's Exhibit B, p.32, ln.7). Plaintiff was looking for certain colors of paper flowers, so she started grabbing two or more of each color flower off the shelving unit (Def. Ex. B p.38, ln.7-12). Plaintiff had already removed some items from the shelving unit before it fell on her (Def. Ex. B p.61, ln.19). Plaintiff was attempting to pull one of the paper flower bags off its hook on the shelving unit when the incident occurred (Def. Ex. B p.37, ln.14; p.33, ln.18).

This case is distinguishable from cases that have found for res ipsa loquitur counts. For instance, in *Gerdes v. Menard Inc.*, 2020 U.S. Dist. LEXIS 248373, 2020 WL 8254261, a customer was successful in recovering under a res ipsa loquitur theory when the customer was injured by an item fell from a shelf. However, unlike in the instant case, in *Gerdes*, the item fell from an area of shelving that would only be accessible to store employees with an industrial lift. *Id.* Here the items and shelving unit would be easily accessible to any customer in the store who walked down the aisle.

As testified to by Marquis Williams, no Dollar Tree employee was present in the aisle to when the shelving unit fell on Plaintiff (Def. Ex. C p.50, ln.1-4). The shelving unit could have

become dislodged due to Plaintiff's conduct (Def. Ex. C p.89, ln.19) or the conduct of another patron of the store who knocked the board free from its framing (Def. Ex. C p.29-30, ln.22-17). Therefore, it is reasonably possible that the pegboard became dislodged for a reason other than Dollar Tree's maintenance or control of the pegboard (Def. Ex. C p.90, ln.16), preventing Plaintiff from recovering under a theory of res ipsa loquitur.

Ultimately, Plaintiff has produced no evidence of negligence on the part of Dollar Tree, beyond the fact that the shelving unit fell on her. While the issue of whether Dollar Tree was negligent is a question of fact that should be left to a jury, there is insufficient evidence here for Plaintiff to prevail on an inference of negligence under res ipsa loquitur. Plaintiff has not shown that only Defendant's negligence could have caused her injury and therefore summary judgment for Dollar Tree on the res ipsa loquitur count is proper.

WHEREFORE, for the above reasons, DOLLAR TREE STORES, INC., d/b/a DOLLAR TREE, INC. respectfully requests this Honorable Court grant their Motion for Summary Judgment and grant such further relief as deemed appropriate.

Respectfully submitted,

DOLLAR TREE STORES, INC., d/b/a DOLLAR TREE

By: /s/ *Justin J. Kaszuba*
Justin J. Kaszuba
ARDC No. 6324151
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
jkaszuba@cassiday.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to all attorneys of record in this case.

/s/ *Justin J. Kaszuba*

11469103